IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CESAR ENRIQUE MARIN SUAREZ, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | No. 1:26-CV-01840-DAE |
| v. | § | |
| | § | |
| WARDEN, et al., | § | |
| | § | |
| *Respondents*. | § | |

ORDER

Before the Court is Petitioner Cesar Enrique Marin Suarez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed pro se. (Dkt. # 1.) Under 28 U.S.C. § 2243, a court:

> entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the writ "within three days unless for good cause additional time, not exceed twenty days, is allowed." 28 U.S.C. § 2243. Petitioner has alleged that he is entitled to a writ because he is being wrongfully detained without bond. (See Dkt. # 1 at 2.) He alleges such detention violates the Immigration and Nationality Act ("INA"),

his Fifth Amendment due process rights, and his Fourth Amendment rights. (Id. at 6–11.)

Pursuant to § 2243, the Court will order Respondents Warden, T. Don Hutto Detention Center; Field Office Director, U.S. Immigration and Customs Enforcement ("ICE"); David Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Attorney General (collectively, "Respondents') to show cause within the next three days as to why Petitioner's writ should not be granted in accordance with § 2243.

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Susan Hightower, (Dkt. # 4), is **VACATED** and that this matter be returned to the docket of the District Court Judge David Alan Ezra.

**IT IS FURTHER ORDERED** that notice of electronic filing of the Petition, (Dkt. # 1), and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5.[2]

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases. See Olya v. Garite, No. EP-25-CV-00083-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").
[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system." The United States Attorney in San Antonio is a registered user of the Court's electronic filing system. While the Western District of Texas Administrative Policies and Procedures for Electronic

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Warden of the T. Don Hutto Detention Center with copies of the Petition for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that Respondents show cause in writing **on or before July 13, 2026**,[3] as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus. 28 U.S.C. § 2243. **The response must identify**: (1) Petitioner's alleged country of birth, so that Petitioner can be located in the Online Detainee Locator System; (2) Petitioner's alleged date of entry and statutory basis for removability; (3) any previous immigration detention history, e.g., whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior; (4) Petitioner's alleged immigration status, e.g., whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the Convention Against Torture or is subject to a final removal order; and (5) Respondents' asserted detention authority.

Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

[3] Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the response deadline will be Monday, July 13, 2026, which is the first weekday that is not a legal holiday following the third day from the date of this Order.

At this time, the Court will not plan to set a hearing on this matter, but, **on or before July 13, 2026,** either party may request a hearing to be scheduled after briefing is complete. Failure to request a hearing will constitute waiver of the opportunity for a hearing under § 2243. The Court is amenable to ruling on the papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner to any facility outside the boundaries of the Austin Division of the Western District of Texas, until the Court orders otherwise or this case is closed. See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); cf. Brownback v. King, 592 U.S. 209, 218-19 (2021). This is not to be construed as a temporary restraining order but rather an exercise of the Court's inherent power to preserve its ability to hear the case. See

Santiago v. Noem, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).[4] [5]

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, July 9, 2026.

David Alan Ezra
Senior United States District Judge

[4] In issuing this order, the Court acknowledges a recent, unpublished opinion issued by the Fifth Circuit, Imran v. Harper, No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026). In that case, the Fifth Circuit held that the district court lacked jurisdiction to grant the petitioner's request for a stay of removal, finding that the petitioner's request was a challenge to a removal order and was thereby barred by 8 U.S.C. § 1252(g). Id. at *1. However, in Imran, the petitioner was subject to a removal order and sought relief from that pending order. Imran v. Harper, No. 1:25-cv-00841-DDD-JPM, Dkt. # 1 at 5, 8, 14 (W.D. La. June 16, 2025). Here, on the other hand, Petitioner is not subject to a removal order and is instead challenging the lawfulness of his detention during ongoing removal proceedings. (Dkt. # 1 at 7.) Accordingly, by ordering Respondents not to remove Petitioner from the United States or transfer Petitioner out of the Division during the pendency of this litigation, the Court is not preventing the execution of a removal order but rather preserving its ability to hear the case in the near term, which it is permitted to do. See United Mine Workers, 330 U.S. at 293; United States v. Shipp, 203 U.S. 563, 573 (1906); see also Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) (explaining § 1252(g) bars the court's jurisdiction only with respect to the three discrete actions mentioned in the statute); Cardoso v. Reno, 216 F.3d 512, 516–17 (5th Cir. 2000) (noting that § 1252(g) does not prohibit courts from reviewing a noncitizen detention order).

[5] Should Petitioner seek voluntary departure, Petitioner may voluntarily dismiss this case before the Court, which would close the case and terminate this order.